891 F.2d 292
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TENNESSEE PUBLIC SERVICE COMMISSION, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION and United States of America,
Respondents.
 No. 89-3220.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge
 PER CURIAM:
 
 
 1
 Petitioner Tennessee Public Service Commission (TPSC) has appealed the final determination of respondent Interstate Commerce Commission (ICC) that, subsequent to the ICC-approved merger of Thurston Motor Lines (Thurston) and Brown Transport Company (Brown), two companies engaged in interstate shipping, the merged companies were not required to obtain separate TPSC approval of the transfer from Thurston to Brown of Thurston's TPSC-issued intrastate motor carrier certificate.
 
 
 2
 The ICC's 1987 approval of the merger of Thurston into Brown authorized Brown to acquire all rights held by Thurston pursuant to its various intrastate motor carrier certificates, including a TPSC certificate at issue in the instant controversy. The ICC invoked jurisdiction over the merger pursuant to 49 U.S.C. § 11343 and ordered that the transfer of Thurston's TPSC intrastate certificate was, under 49 U.S.C. § 11341(a), within the exclusive jurisdiction of the ICC.
 
 
 3
 The TPSC argued in the instant appeal that in enacting 49 U.S.C. § 11341, Congress did not intend to preempt state authority over the transfer of intrastate certificates between merging carriers. In this light, the TPSC urged that a finding of preemption would eviscerate its authority to insure the safety and competence of carriers transporting goods within Tennessee. The ICC decided below, and argued on appeal, that "section 11341 gives the Commission plenary and exclusive power to exempt the change in control and transfer of Thurston's intrastate rights as part of the transaction involving interstate rights." The ICC contends that its plenary and exclusive control extends to the "mechanical" act of transferring preexisting intrastate certificates, and does not derogate the TPSC's continuing authority to regulate that carrier's operation within the state of Tennessee.
 
 
 4
 This court concludes that the ICC's position finds support in the statute and in logic and that the the ICC's authority to effect the transfer of intrastate carrier certificates between merging intersate carriers is both plenary and exclusive and does not interfere with the TPSC's intrastate regulatory authority. The decision of the ICC is therefore affirmed for the reasons articulated in the ICC's opinion of January 5, 1989.